UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Mohamed Abdalla Mahmoud,<br><br>              Petitioner<br><br>v.<br><br>Brian Williams,<br><br>              Respondents | Case No.: 2:23-cv-01123-CDS-DJA<br><br>**Order Dismissing § 2254 Habeas Corpus Petition Without Prejudice and Closing Case**<br><br>[ECF No. 8] |

Petitioner Mohamed Adballa Mahmoud, who is in the custody of the Nevada Department of Corrections ("NDOC"), submitted a petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 8. After initial review under the Rules Governing 2254 Cases, I dismiss the petition without prejudice.

I.     **Background**

Because Mahmoud did not properly commence this action by either paying the standard filing fee or filing an application for leave to proceed *in forma pauperis* ("IFP"), I granted Mahmoud an additional 45 days to pay the filing fee or file an IFP application. ECF No. 3. I granted Mahmoud's motion to extend time to pay the filing fee or complete an IFP application and Mahmoud paid the filing fee. ECF Nos. 5, 6.

In November 2023, I informed Mahmoud that although he filed a habeas petition and referenced his state habeas petition, his allegations were in the nature of prisoner civil rights claims. ECF No. 7. I instructed the Clerk of the Court to send Mahmoud courtesy copies of the forms to initiate a civil rights lawsuit or habeas case. *Id.* I informed Mahmoud that he cannot pursue both types of claims in the same case and instructed him to either submit a § 1983 civil rights complaint <u>or</u> a petition for writ of habeas corpus on the appropriate form. *Id.*

II.     Discussion

Federal law provides two main avenues to relief for legal challenges to incarceration: (1) a petition for writ habeas corpus, 28 U.S.C. § 2241, 2254, 2255; and (2) a civil rights complaint, 28 U.S.C. § 1983. If success on a habeas claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016). Such claims must be brought, if at all, under § 1983. If a prisoner is not challenging the fact of his confinement, but instead the conditions under which he is being held, he must file a civil rights complaint. *Id.* at 933 ("[P]risoners may not challenge mere conditions of confinement in habeas corpus.") (citing *Crawford v. Bell*, 599 F.2d 890, 891–92 (9th Cir. 1979)).

Here, the petition fails to state a cognizable habeas claim. Mahmoud alleges he is currently in custody at Northern Nevada Correctional Center. He further alleges that corrections officers retaliated against him, made racial comments towards him, and denied him access to use the bathroom. If he were to succeed on this claim, it would only mean that his conditions of confinement would change. He would not be released from custody any sooner. Because success on Mahmoud's claims would not lead to his immediate or speedier release, they do not fall in the "core" of habeas and must be brought, if at all, in a civil rights complaint.[1]

In addition, I decline to recharacterize Mahmoud's petition as a civil-rights complaint. When a habeas petition is amenable to conversion on its face, federal courts may construe the petition to plead civil rights claims. *Nettles*, 830 F.3d at 935–36. However, habeas actions and prisoner civil rights cases "differ in a variety of respects—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Id.* In this case, the petition is not amenable to conversion on its face based on the differences between habeas and civil rights cases and because

---

[1] Mahmoud has already filed a federal habeas petition, has been appointed counsel, and that case has been stayed pending resolution of his state postconviction habeas petition. *See* Case No. 3:22-cv-00452-MMD-CLB.

2

it is not clear whether recharacterization would disadvantage Mahmoud. I therefore dismiss the petition without prejudice and instruct the Clerk of the Court to send Mahmoud the approved form and instructions for filing a 42 U.S.C. § 1983 complaint.

### III.  Conclusion

I THEREFORE ORDER that petitioner Mohamed Adballa Mahmoud's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 **[ECF No. 8] is dismissed without prejudice**.

I FURTHER ORDER that Mahmoud is denied a certificate of appealability, as jurists of reason would not find the dismissal of this action to be debatable or wrong.

I FURTHER ORDER that the Clerk of the Court will send to Mahmoud the approved form and instructions for filing a 42 U.S.C. § 1983 complaint.

I FURTHER ORDER that the Clerk of the Court will send to Mahmoud a blank form IFP application for incarcerated litigants along with instructions, and a copy of this order.

The Clerk of the Court is kindly instructed to enter final judgment accordingly and to close this case.

Dated: January 17, 2024

_____
United States District Judge